CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 01/31/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

---

KRISTOPHER SCHWARTZ,

**VERIFIED COMPLAINT**

Plaintiff,

Index No.: _____

-against-

5:19-cv-316 (TJM/TWD)

U.S. SECURITY ASSOCIATES, INC. and
ALLIEDBARTON SECURITY SERVICES, LLC d/b/a
ALLIED UNIVERSAL,

Defendants.

---

Plaintiff Kristopher Schwartz ("SCHWARTZ"), by his attorneys the Sugarman Law

Firm, LLP, as and for his Verified Complaint, alleges as follows:

## Parties

1.     SCHWARTZ is an individual residing at 5343 Jillian Lane, Brewerton, New York

and at all relevant times SCHWARTZ was, and remains, a resident of Onondaga County.

2.     Upon information and belief, Defendant U.S. Security Associates, Inc. ("U.S.

SECURITY") is a foreign business corporation that was formed in the State of Delaware and is

authorized to conduct business in the State of New York.

3.     Upon information and belief, Defendant AlliedBarton Security Services, LLC

d/b/a Allied Universal ("ALLIED UNIVERSAL") is a foreign business corporation that was

formed in the State of Delaware and is authorized to conduct business in the State of New York.

1

Sugarman Law Firm, LLP • 211 West Jefferson Street • Syracuse, NY 13202

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 2                                                                        RECEIVED NYSCEF: 01/31/2019

## Facts

4.      SCHWARTZ was employed by U.S. SECURITY as a Branch Manager from July 2017 until December 2018.

5.      As a Branch Manager, SCHWARTZ earned a salary of approximately $56,000.00, in addition to bonuses and incentives in excess of $45,000.00.

6.      Therefore, during 2018, while employed with U.S. SECURITY, SCHWARTZ was slated to earn an annual income of approximately $103,000.00.

7.      In or about October 2018, SCHWARTZ learned that U.S. SECURITY was being purchased by ALLIED UNIVERSAL.

8.      Upon information and belief, ALLIED UNIVERSAL purchased, took over, assumed responsibility for, or subsumed U.S. SECURITY.

9.      After U.S. SECURITY was acquired by ALLIED UNIVERSAL, SCHWARTZ was informed that the previous terms of his employment would no longer apply.

10.     Instead, in November 2018, ALLIED UNIVERSAL offered SCHWARTZ a position as a Client Service Manager (which is a demotion), with a comparable salary, but with substantially reduced bonuses and incentives.  A copy of the proposed terms of employment with ALLIED UNIVERSAL are attached as **Exhibit A**.

11.     Under the terms proposed by ALLIED UNIVERSAL to SCHWARTZ, his base salary would have been $57,000.00, but his potential bonuses and incentives were capped at twenty percent (20%) of his base salary, or $11,400.00, for a maximum earning potential of $68,400.00, annually.

2

Spellman Law Firm, LLP • 211 West Jefferson Street, Syracuse, NY 13202
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been      2 of 10
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

12.     The incentives and bonuses under the proposed contract were also tied to the performance of other employees, meaning SCHWARTZ would not be in control of whether he receives the maximum allowable bonuses and incentives available.

13.     SHWARTZ'S incentives and bonuses were not tied to the performance of other employees under his terms of employment with U.S. SECURITY.

14.     After receiving the offer at Exhibit A, SCHWARTZ attempted to negotiate the terms of this new proposal.

15.     However, ALLIED UNIVERSAL informed him that there was no room for negotiation and if he declined the offer they would issue a letter severing his employment.

16.     After being constructively terminated, SCHWARTZ declined the offer from ALLIED UNIVERSAL and sought other employment.

17.     In December 2018, SCHWARTZ was able to secure a new position with Securitas Security Services, USA, Inc. ("SECURITAS").

18.     SECURITAS hired SCHWARTZ as a Branch Manager, with an annual salary of $60,000.00.

19.     In addition to the base salary, SECURITAS offered SCHWARTZ bonuses and incentives in the range of $15,000.00 to $29,000.00, for an anticipated annual salary of approximately $75,000.00 to $89,000.00.

20.     While employed with U.S. SECURITY, SCHWARTZ's primary job responsibilities included managing a team of security consultants in a broad geographic area stretching from Syracuse up to Plattsburg, down to Albany, and back to Syracuse.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

21.    With SECURITAS, SCHWARTZ is also managing a team of security consultants, but his geographical area is limited to the City of Utica, New York and a twenty (20) mile radius.

22.    SCHWARTZ has no client procurement, marketing, employee procurement, or other business creation obligations in his current position at SECURITAS.

23.    As a condition of SCHWARTZ'S employment with U.S. SECURITY, SCHWARTZ agreed to sign an employment agreement ("Employment Agreement"), dated July 12, 2017. A copy of that Employment Agreement is attached as **Exhibit B**.

24.    The Employment Agreement contained a number of restrictive covenants, including non-competition obligations, non-raiding obligations, restrictions on solicitation of former and current employees and customers, and confidentiality obligations.

25.    After being hired by SECURITAS, SCHWARTZ received a letter dated January 2, 2019, from Martenson Hasbrouck & Simon, LLP, attorneys for U.S. SECURITY, which threatened SCHWARTZ with potential litigation over the Employment Agreement. A copy of said letter is attached as **Exhibit C**.

26.    However, since being constructively terminated by U.S. SECURITY, at no time has SCHWARTZ violated the terms of the Employment Agreement by soliciting current or former clients or employees of U.S. SECURITY, competing with U.S. SECURITY, improperly using any confidential information acquired during his employment, or otherwise violating the agreement at Exhibit B.

27.    Therefore, U.S. SECURITY'S threats are baseless.

28.    Nevertheless, Defendants continue to threaten litigation and the enforcement of the Employment Agreement

4

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 01/31/2019

## Forum and Choice-of-Law

29.     Section XIV of the Employment Agreement states that the parties agree that the agreement "shall be governed by and construed under the laws of the State of Georgia and any disputes arising out of this [a]greement shall be filed and adjudicated solely in the state or federal courts of Georgia."

30.     Contrary to this provision, no aspect of this agreement ever involved Georgia or Georgia law.

31.     In fact, every action and fact involved in this case is based in New York State, including: the office where SCHWARTZ was employed by U.S. SECURITY being located in Syracuse, New York; SCHWARTZ exclusively serving New York clients; the subject geographic area being exclusively New York State; the Defendants being authorized to do business in the State of New York; and SCHWARTZ being a citizen of New York State.

32.     In New York, a contractual forum selection clause is unenforceable if it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would effectively deprive the challenging party of his or her day in court.

33.     In this case, enforcing the forum selection clause against SCHWARTZ would be unjust, unreasonable, and would violate New York's public policy given the Employment Agreement's lack of any connection to Georgia.

34.     It would further be unreasonable and unjust for SCHWARTZ to bear the time and expense of having to litigate this matter outside of New York State where the contract involves an employer in New York, a New York employee, and all relevant work having been conducted in New York.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 2

35.     This clause has no reasonable relationship to the parties or the transactions that are the subject of the contract.

36.     In addition, even if such a relationship were to exist, it would be improper to apply Georgia law in this case as doing so would violate the public policy of the State of New York.

37.     While Georgia law and New York law have some similarities in evaluating the enforceability of restrictive covenants in that the determination is based on the overall reasonableness of the business interest being protected, as well as the scope and duration of the restriction, New York's public policy strictly prohibits the enforcement of non-compete clauses when the employee is not a member of a "learned profession" or does not render services that are "unique or extraordinary."

38.     Upon information and belief, a comparable restriction does not exist under Georgia law and as a result, the same factual circumstances could yield wildly different results under the laws of the two states.

39.     As such, applying Georgia law in this case would violate the public policy of New York as the requirements and degree of scrutiny required to determine the enforceability of the Employment Agreement are different in each state, and in this case, may result in an unfavorable result for the New York employee relative to a purely New York dispute.

40.     Given these differences between the laws of New York and Georgia, and the lack of any substantial contact between the substance of the contract and the State of Georgia, it would be unreasonable to apply Georgia law in this matter.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 2

### AS AND FOR A FIRST SEPARATE AND DISTINCT CAUSE OF ACTION

41.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 40 above with the same force and effect as if fully set forth herein.

42.     The terms of the Employment Agreement are unenforceable.

43.     Covenants tending to restrain anyone from engaging in any lawful vocation are disfavored and are sustained only to the extent that they are reasonably necessary to protect the legitimate interests of the employer and not unduly harsh or burdensome to the one restrained.

44.     In this case, enforcement of the restrictive covenants contained in the Employment Agreement would restrain SCHWARTZ'S right to engage in a lawful vocation and would be unduly harsh and burdensome considering SCHWARTZ was constructively terminated by U.S. SECURITY.

45.     Additionally, SCHWARTZ is not a member of a "learned profession" and does not render services that are "unique or extraordinary."

46.     Furthermore, as a result of the drastic reduction in SCHWARTZ'S earning potential and other material changes to the terms and conditions of his employment, SCHWARTZ was constructively terminated, without cause, from his previous employment.

47.     It would be wholly unreasonable and unjust to enforce the restrictive covenants contained in the Employment Agreement under those circumstances.

48.     Therefore, SCHWARTZ requests a declaration that the activities and actions of Defendants were and are contrary to the public policy of the State of New York and that the Employment Agreement is unenforceable as a matter of law.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 01/31/2019

## AS AND FOR A SECOND SEPARATE AND DISTINCT CAUSE OF ACTION

49.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48 above with the same force and effect as if fully set forth herein.

50.     The activities and actions of Defendants were and are interfering with Plaintiff's business relationship with his new employer SECURITAS.

51.     As a result, Defendants have tortiously interfered with Plaintiff's business relationship with SECURITAS.

52.     Therefore, SCHWARTZ requests compensation for his pecuniary loss as a result of Defendants tortious conduct.

53.     In addition to pecuniary loss, the tortious conduct of the defendants has caused SCHWARTZ to suffer consequential damages in the form of mental anguish and emotional distress, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff demands that judgment be entered:

I.     Declaring the the Employment Agreement to be void and unenforceable;

II.     Enjoining and restraining Defendants from attempting to enforce the terms of the Employment Agreement;

III.     Awarding Plaintiff pecuniary and consequential damages, including but not limited to compensation for mental and emotional anguish; and

IV.     granting such other and further relief as this Court deems just, proper and equitable.

8

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)                INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 2                                                                          RECEIVED NYSCEF: 01/31/2019

Dated: January 31, 2019

**SUGARMAN LAW FIRM, LLP**
Zachary M. Mattison, Esq.
Bradley D. Morien, Esq.
Attorneys for Plaintiff
211 West Jefferson Street, Suite 20
Syracuse, New York 13202
Telephone: (315) 474-2943

TO:     U.S. Security Associates, Inc.
        200 Mansell Court
        Roswell, Georgia 30076

        AlliedBarton Security Services, LLC
        111 Eighth Avenue
        New York, New York 10011

        Allied Universal
        4713 Crossroads Park Drive
        Suite 301
        Liverpool, NY 13088

cc:     Wes R. McCart, Esq.
        **Martenson, Hasbrouck & Simon LLP**
        Attorneys for U.S. Security Associates, Inc.
        3379 Peachtree Road, NE
        Suite 400
        Atlanta, Georgia, 30326

9

Sugarman Law Firm, LLP • 211 West Jefferson Street • Syracuse, NY 13202

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED

# **VERIFICATION**

STATE OF NEW YORK                    )
COUNTY OF ONONDAGA          ) ss.:

**Kristopher Schwartz**, being duly sworn says that he is the Plaintiff in the within action.  I have read the foregoing Verified Complaint, and know the contents thereof are true to the best of my knowledge except as to matters therein stated upon information and belief, and as to those matters I believe them to be true.

Kristopher Schwartz

Sworn to me this 31st day of
January, 2019.

Notary Public

BRADLEY D. MORIEN
Notary Public, State of New York
No. 01MO6314735
Qualified in Onondaga County
Commission Expires November 17, 20 22

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.